WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Jo England,<br><br>            Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | No. CV-18-08050-PCT-ESW<br><br>**ORDER** |

      Pending before the Court is Lisa Jo England's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her claim for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 12).

      After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 18, 22, 23), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(A)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197,

---

[2] *Parra*, 481 F.3d at 746.

229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1968, has worked as a fast food worker, housekeeping cleaner, usher, cashier, sales attendant, and fish packer. (A.R. 42-43, 47, 1917). At issue are Plaintiff's August 2013 application for disability insurance benefits and December 2015 application for supplemental security income. (A.R. 136-37, 1884-93). Plaintiff alleged that on August 15, 2012, Plaintiff became unable to work due to psychosis, anxiety, post-traumatic stress disorder ("PTSD"), chronic obstructive

pulmonary disease, asthma, and depression. (A.R. 47). Social Security denied the application for disability insurance benefits in December 2013. (A.R. 47-62). In September 2014, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 64-83). Plaintiff sought further review by an ALJ. (A.R. 96-97). On December 3, 2015, Plaintiff filed an application for supplemental security income. (A.R. 1884-93). An ALJ conducted a hearing on May 24, 2016. (A.R. 1894-1922). In an October 31, 2016 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 29-44). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 5-7). On March 12, 2018, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

**B. The ALJ's Application of the Five-Step Disability Analysis**

The ALJ completed all five steps of the disability analysis before finding that Plaintiff is not disabled and entitled to disability benefits.

### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 15, 2012, the alleged onset disability date. (A.R. 31). Neither party disputes this determination.

### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: status post right shoulder repair; chronic obstructive pulmonary disease, asthma, history of bunion surgeries, gastroesophageal reflux disease, anxiety, PTSD, and psychotic disorder not other specified. (A.R. 32). The ALJ's step two determination is undisputed.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 of the Social Security regulations. (A.R. 32-34). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), subject to the following restrictions:

> [T]he claimant could occasionally climb. She could frequently balance, stoop, kneel, and crouch. The claimant could occasionally crawl. She should avoid concentrated exposure to extreme cold, extreme heat, humidity, odors, dusts, fumes, gases, or poor ventilation. The claimant should not be exposed to hazards such as moving machinery and unprotected heights. The claimant is able to perform simple, routine, and repetitive work tasks involving simple work related decisions and simple instructions with occasional contact with the public, coworkers and supervisors. With the right dominant upper extremity, the claimant is able to engage in frequent overhead reaching.

(A.R. 34). After considering the testimony of a vocational expert ("VE") and Plaintiff's RFC, the ALJ determined that Plaintiff is able to perform her past relevant work. (A.R. 42-43). In challenging this determination, Plaintiff asserts that the ALJ improperly weighed the opinions of certain medical sources and discredited Plaintiff's subjective complaints.

### 5. Step Five: Capacity to Perform Other Work

Even though the ALJ determined at Step Four that Plaintiff is able to perform her past relevant work as generally performed, the ALJ made alternative findings at Step Five. (A.R. 43-44).

At the administrative hearing, a vocational expert ("VE") testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as silver wrapper. (A.R. 44). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (*Id.*).

After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*).

### C. Plaintiff's Challenge at Step Four

#### 1. The ALJ Failed to Give Clear and Convincing Reasons for Rejecting Plaintiff's Symptom Testimony Regarding Plaintiff's Alleged Mental Impairments

When evaluating the credibility of a claimant's testimony regarding subjective pain or symptoms, the ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In the first step, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms. Rather, a claimant must only show that it could have caused some degree of the symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If a claimant meets the first step, and there is no evidence of malingering, the ALJ can only reject a claimant's testimony about the severity of his or her symptoms by offering clear and convincing reasons that are supported by substantial evidence in the record. *Lingenfelter*, 504 F.3d at 1036. The ALJ cannot rely on general findings. The ALJ must identify specifically what testimony is not credible and what evidence undermines the claimant's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). In weighing a claimant's credibility, the ALJ can consider many factors including: a claimant's reputation for truthfulness, prior inconsistent statements concerning the symptoms, unexplained or inadequately explained failure to seek treatment, and the claimant's daily activities. *Smolen*, 80 F.3d at 1284; *see also* 20 C.F.R. § 404.1529(c)(4) (Social Security must consider whether there are conflicts between a claimant's statements and the rest of the evidence). In addition, although the lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a

factor that the ALJ can consider in his or her credibility analysis. *Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *see also* 20 C.F.R. 404.1529(c); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

As the ALJ's decision acknowledges, Plaintiff has alleged disability primarily due to her psychiatric impairments. (A.R. 37). At the administrative hearing, Plaintiff testified that she has daily auditory and visual hallucinations, suffers from anxiety and has panic attacks, has a poor memory, and has an impaired "ability to stay focused on things focusing on things." (A.R. 1910-12, 1915). Plaintiff also testified that she isolates herself as she has difficulty being around people. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. However, the ALJ's decision concludes that Plaintiff's "objective medical evidence, the effectiveness of treatment, and [Plaintiff's] activities of daily living, illustrate greater functional abilities than alleged." (*Id.*). As discussed below, the Court finds that this conclusion is not supported by reasons that satisfy the clear and convincing standard.

### i. Objective Medical Evidence

Plaintiff has received mental health treatment at The Guidance Center, Inc. (A.R. 303-53, 463-551, 831-72). As one reason for discounting Plaintiff's symptom testimony, the ALJ stated that Plaintiff "has consistently denied depression and anxiety to treating medical professionals, which is inconsistent with information provided to the Guidance Center." (A.R. 37). The ALJ's decision then references certain records from Plaintiff's physical examinations that indicate that Plaintiff denied depression, anxiety, and other mental conditions. (*Id.*) (citing A.R. 410, 416). However, the cited records reflect that Plaintiff's chief complaints at those examinations concerned physical ailments. The Court does not find that those records provide a clear and convincing reason for discounting Plaintiff's testimony concerning her mental impairments.

First, "[c]ycles of improvement and debilitating symptoms are a common occurrence [in mental illness], and it is error for an ALJ to pick out a few isolated

instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (ALJ may not focus on isolated periods of improvement without examining broader context of claimant's condition); *Diedrich v. Berryhill*, 874 F.3d 634, 642 (9th Cir. 2017) ("The fact that [the disability claimant] was not exhibiting certain symptoms at the time of her appointment on a particular day does not indicate that Diedrich was not experiencing those symptoms generally or at other pertinent times."). Second, the Court finds it unreasonable to expect Plaintiff's physical medicine providers to engage in a thorough evaluation of Plaintiff's mental health impairments as Plaintiff's chief complaints at the physical examinations concerned physical ailments. *See Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) ("It is reasonable, based on these facts, to expect that Widmark's examining physicians focused their attention on the subject of his complaint, i.e., his neck and back. But just as no reasonable person would expect a podiatrist seeing a patient who complains of foot problems to thoroughly examine the full range of that patient's hearing, it is unreasonable to expect Widmark's examining physicians undertook a thorough range of motion evaluation of Widmark's right thumb.").

The ALJ also found that "there is no evidence of signs of psychosis or difficulty concentrating for any 12 month time period." (A.R. 38). Plaintiff accurately observes that the record reflects otherwise. (Doc. 18 at 22). For instance, treatment records from The Guidance Center, Inc. reflect that Plaintiff was diagnosed with PTSD, psychotic disorder, and generalized anxiety disorder. (A.R. 333). Treating mental health providers consistently recorded that Plaintiff displayed anxious mood, fearfulness, confusion, psychomotor retardation, and tearfulness. (*See, e.g.*, A.R. 341, 343, 506, 512, 760, 797, 833-34, 859, 864-65, 868, 939). As another district court has explained, ALJs "must review the whole record; they cannot cherry-pick evidence to support their findings." *Bostwick v. Colvin*, No. 13-cv-1936-LAB, 2015 WL 12532350, at *2 (S.D. Cal. Mar. 30, 2015); *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (holding that

an ALJ erred by selectively considering some entries in the medical record while ignoring others); *see Garrison*, 759 F.3d at 1017 n.23 ("The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits.").

### ii. Effectiveness of Plaintiff's Mental Health Treatment

The ALJ's decision also states that the "record indicates [Plaintiff's] impairments improved with treatment." (A.R. 39). Yet when "a person who suffers from severe panic attacks, anxiety, and depression" improves, that "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *see also Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods—and even—the sporadic ability to work—are not inconsistent with disability."). The ALJ's decision does not adequately explain how apparent improvement or stabilization of Plaintiff's mental impairments renders Plaintiff able to sustain gainful employment.

### iii. Plaintiff's Activities of Daily Living

The ALJ found that Plaintiff's "activities of daily living illustrates a person more able bodied than alleged." (A.R. 39). "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. The ALJ's decision does not adequately explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison*, 759 F.3d at 1016 (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (explaining that "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping [and] driving a car, . . . does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

"The clear and convincing standard is the most demanding required in Social Security cases." *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony regarding her impairments. This error is harmful and alone requires remand.

## 2. Remand for An Award of Benefits is Appropriate

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id.* at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id.* at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id.*

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id.*; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors.

*Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. At the administrative hearing, the VE testified that an individual would not be able to sustain employment if

> the individual would struggle with concentration, would have difficulty—would only have intermittent sustained concentration. Would have difficulty with promptness, would have significant distress of authority so supervision, things of that nature would be difficult, but would also require redirection. And then would have greater than the average time to adapt to changes in the workplace.

(A.R. 1920-21). The VE's testimony establishes that if Plaintiff's testimony was credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the

case for an immediate award of benefits effective August 15, 2012 (the disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective August 15, 2012.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 15th day of July, 2019.

_____
Eileen S. Willett
United States Magistrate Judge